UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD STOCKTON,** | : | CIVIL NO. 1:22-CV-114 |
| | : | |
| **Petitioner** | : | **(Judge Wilson)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DAVID SMITH, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM ORDER

This case is a habeas corpus petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petitioner has filed three motions seeking: (1) an extension of time in which to file a traverse; (2) discovery; and (3) entry of a default judgment in the petitioner's favor. (Docs. 16, 17, 21).

With respect to these motions IT IS ORDERED as follows:

First, the motion for extension of time (Doc. 16) is DISMISSED as moot since Respondents have not yet responded to this petition.

Second, while the petitioner correctly notes that the Respondents have not yet filed their response to this petition, in the exercise of our discretion we will DENY his motion for entry of default. (Doc. 21). Instead, IT IS ORDERED that the clerk serve a copy of this order and the petition (Doc. 1), on the District Attorney for Huntingdon County and IT IS FURTHER ORDERED that the Respondents file a

1

response to the petition on or before **April 4, 2022**.

Finally, the petitioner's motion for discovery, (Doc. 17), is DENIED without prejudice. Habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the court. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987)

Exercising this discretion, we will deny this request at this time pending receipt of the response to this petition at which time we can make more informed decisions regarding whether discovery is necessary or appropriate.

So ordered this 4th day of March 2022.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge