UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD STOCKTON,** | CIVIL NO. 1:22-CV-114 |
| Petitioner | (Judge Wilson) |
| v. | |
| | (Magistrate Judge Carlson) |
| **SUPERINTENDENT, SCI COAL TOWNSHIP,** | |
| Respondent | |

### MEMORANDUM ORDER

This case is a habeas corpus petition filed by a state prisoner in 2022 challenging the petitioner's 2014 conviction in state court on aggravated assault charges. (Doc. 1). The Respondents have filed a response to this petition which asserts that it is barred by the applicable one year statute of limitations. The merits of this issue are, therefore, presently before this court. In the meanwhile, the petitioner also filed a motion seeking discovery. (Doc. 26.) For the reasons set forth below this motion is DENIED without prejudice.

Habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the court. As the United States Court of Appeals for the Third Circuit has noted:

>Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987)

Exercising this discretion, we will deny this request at this time. In our view, a prerequisite to compelling any further discovery in this case would be a determination that Stockton's petition was timely filed and is not barred by the statute of limitations. The issue of the timeliness of this petition is now squarely joined by the parties and will be addressed by the court in due course. In the meanwhile though the petitioner's motion for discovery (Doc. 26), is DENIED without prejudice to renewal upon good cause shown once we have addressed the question of whether Stockton's petition is time-barred.

So ordered this 27th day of May 2022.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge