IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD TERELL STOCKTON, | : | Civil No. 1:22-CV-00114 |
| Petitioner, | : | |
| v. | : | |
| SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Petitioner Ronald Terrell Stockton's fourth motion for reconsideration of the order denying his Section 2254 petition for writ of habeas corpus under Fed. R. Civ. P. 60(b)(6). (Docs. 94.) Also pending are a request for production of evidence and a motion for the production of evidence. (Docs. 96, 100.) For the following reasons, the court will deny Petitioner's motion for reconsideration and his attempts to seek the production of evidence.

### PROCEDURAL HISTORY

Petitioner initiated this action by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 attacking a judgment and sentence from the Court of Common Pleas of Huntingdon County for aggravated assault during a confrontation with correctional staff at the State Correctional Institution at Smithfield ("SCI-Smithfield") in December of 2013, alleging new evidence in the form of staff reprimands. (Doc. 1.) On June 1, 2022, Magistrate Judge Carlson filed a report

1

and recommendation finding that the petition was time barred under 28 U.S.C. § 2244, and recommending that the petition be denied. (Doc. 32.) Following review of Petitioner's objections, this court entered an order adopting the report and recommendation on July 25, 2022. (Doc. 40.) At that time, the court found "no basis to issue a certificate of appealability because Petition has not made a substantial showing of the denial of a constitutional right." (*Id*., p. 2.)[1]

On August 1, 2022, Petitioner appealed the order adopting the report and recommendation to the Third Circuit Court of Appeals. (Doc. 42.)

On August 17, 2022, while the appeal was pending, Petitioner filed a motion to vacate the court's order adopting the report and recommendation and a brief in support. (Docs. 44, 45.) Following briefing, the court construed this motion as a Rule 60 motion and denied it on February 14, 2023. (Doc. 65.) Petitioner appealed this determination as well. (Doc. 66.)[2]

Subsequently, the Third Circuit ruled on Petitioner's appeal, affirming both the court's July 25, 2022 order adopting the report and recommendation and the February 14, 2023 order denying his motion to vacate. (Doc. 68.)

---

[1] For ease of reference, the court utilizes the page numbers form the CM/ECF header.

[2] This notice of appeal was filed as an amended notice of appeal with the Third Circuit. *Stockton v. Secretary of Pennsylvania Department of Corrections*, No. 22-2403, Doc. 19 (3d. Cir. Mar. 2, 2023).

2

On September 25, 2023, Petitioner filed another motion for relief from an order or judgment under Rule 60(b) presenting the same arguments he raised on appeal. (Doc. 71.) Petitioner failed to identify which court order he was asking the court to reconsider. (Doc. 71.) The court construed this motion as a request for relief from the court's July 25, 2022 order adopting the report and recommendation and denying the petition. (Doc. 76.) The court compared Petitioner's motion for reconsideration, Doc. 71, with the brief Petitioner filed on appeal, *Stockton*, No. 22-2403 Doc. 51, and found that 17 of the 23 pages were identical. (*Id.*) The court then denied the motion for reconsideration on December 14, 2023. (*Id.*) Petitioner appealed this denial on January 17, 2024. (Doc. 80.)

On January 23, 2024, the Third Circuit Court of Appeals remanded Petitioner's case back to this court for the sole purpose of either issuing a Certificate of Appealability ("COA") or stating reasons why a COA should not be issued. (Doc. 82.) On January 25, 2024, this court entered an order finding no basis to issue a certificate of appealability because the December 14, 2023 order simply denied a motion to reconsider the July 25, 2022 order denying the petition. (Doc. 83.)

Petitioner then filed a motion to reconsider the January 25, 2024 order, because no hearing was held prior to the July 25, 2022 order denying the petition. (Doc. 87.) Petitioner also filed a motion for reconsideration under Fed. R. Civ. P.

3

60(b)(6). (Doc. 84.) Again, Petitioner failed to identify which order he was asking the court to reconsider. (*Id.*) However, the court concluded that it appeared to be a third motion seeking reconsideration of the July 25, 2022 order denying the petition. (Doc. 90.) On February 8, 2024, the court entered an order denying both motions to reconsider. (*Id.*)

On February 18, 2025, Petitioner filed yet another motion for reconsideration. (Doc. 94.) Again, Petitioner has not identified the order that is the subject of his motion. However, based on the arguments presented, the court construes it as a fourth motion to reconsider the July 25, 2022 order denying the petition. (*Id.*) On February 25, 2025 and June 17, 2025, Petitioner filed motions for production of documents in furtherance of this pending motion for reconsideration. (Docs. 96, 100.) The court will now address the pending motions.

## DISCUSSION

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided.  *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief."  *Jackson v. Danberg*, 656 F.3d 157, 165–66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).  The movant bears a heavy burden of proof that extraordinary circumstances are present.  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).  A Rule 60(b) motion may not be used as a "second bite at the apple."  *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).  It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt

to relitigate a point of disagreement between the Court and the litigant." *Jones v. Shannon*, No. 3:05-CV-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (citation omitted).

When presented with a Rule 60(b) motion, a court should also consider whether said motion is instead "a disguised second or successive" habeas petition. *United States v. Doe*, 810 F.3d 132, 151 (3d Cir. 2015). That is because a petitioner cannot circumvent the strict gatekeeping mechanisms established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(b), simply by labeling the petition or motion as one brought under Rule 60(b). *See Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) (explaining that a habeas petitioner "cannot use Rule 60(b) to sidestep an application of AEDPA's gatekeeping mechanism."). To that end, AEDPA mandates, in relevant part, that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain a certificate of appealability from the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021) (detailing framework). In the absence of any such authorization, district courts lack

jurisdiction to consider the second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion must be construed as a "second or successive" habeas petition when a petitioner advances one or more "claims"—specifically by: (1) seeking to "add a new ground for relief" that could have been asserted in a prior habeas petition; or, (2) attacking "the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis added). The Third Circuit later clarified that a motion collaterally attacking the validity of an underlying state court conviction—including any challenges to various evidentiary rulings made during the state proceedings—is a "second or successive" habeas petition, and thus is not properly brought under Rule 60(b). *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004); *see also Gonzalez v. Smith*, 2023 WL 3767735, at *5 (E.D. Pa. June 1, 2023) (collecting cases).

That said, a petitioner brings a true Rule 60(b) motion when he identifies "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. A petitioner is not making a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error–

7

for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532, n.4; *see also Bracey*, 986 F.3d at 282 ("*Gonzalez* used 'the merits' to distinguish a 'true Rule 60(b) motion' attacking a procedural defect from a disguised successive habeas petition attacking the substantive resolution of a habeas claim." (citation omitted)).

Finally, "[a]lthough the Third Circuit has not expressly addressed the applicability of the second or successive bar with respect to Rule 60(d)[3] motions, several circuit courts have held that the AEDPA . . . rule applies regardless of whether the motion is filed under Rule 60(b) or Rule 60(d)." *Ellerbe v. May*, No. 17-1231-CFC, 2024 WL 1050563, at *2 (D. Del. 2024) (citing *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018); *Christian v. Thomas*, 982 F.3d 1215, 1221 n.5 (9th Cir. 2020); *Yellowbear v. Hill*, 859 F. App'x 295, 299 (10th Cir. 2021); and, *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n.11 (11th Cir. 2004)).

Here, Petitioner does not address the underlying reason the original Section 2254 petition was denied – that it was untimely. (Doc. 94.) Instead, he argues that he has new evidence that demonstrates that the video evidence used against him in

---

[3] Rule 60(d) states the following: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court."

his underlying criminal case was altered. (Docs. 94, 97.) Therefore, Petitioner is raising a new ground for relief, which constitutes a second or successive petition and not a motion for reconsideration. Pursuant to the AEDPA, Petitioner cannot file a second or successive petition without permission from the Third Circuit Court of Appeals. As such, the court lacks jurisdiction to entertain Petitioner's motion, and it must be denied.

Because the court lacks jurisdiction to entertain Petitioner's motion, it will deny Petitioner's request for production of documents and Petitioner's motion for production of documents.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, considering the court found it lacked jurisdiction to consider the second or substantive petition and the original petition was denied as untimely, the court

9

finds that jurists of reason would not find the disposition of this case debatable and no COA will be issued.

## CONCLUSION

For the above-stated reasons, the court will deny Petitioner's motion for reconsideration, Petitioner's request for production of documents, and Petitioner's motion for production of documents, and the case will remain closed.

>s/Jennifer P. Wilson
>JENNIFER P. WILSON
>United States District Judge
>Middle District of Pennsylvania

Dated: July 7, 2025